Matter of Cobb (2025 NY Slip Op 01273)

Matter of Cobb

2025 NY Slip Op 01273

Decided on March 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 6, 2025

PM-63-25
[*1]In the Matter of Mary Margaret Cobb, a Resigned Attorney. (Attorney Registration No. 5284617.)

Calendar Date:February 18, 2025

Before:Garry, P.J., Clark, Pritzker, Lynch and Ceresia, JJ.

Mary Margaret Cobb, Woodstock, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Mary Margaret Cobb was admitted to practice by this Court in 2014 but was thereafter granted leave to resign from the New York bar for nondisciplinary reasons by June 2017 order of this Court (151 AD3d 1538 [3d Dept 2017]). Having since returned to New York, Cobb now moves for reinstatement to the New York bar, and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes Cobb's application, and Cobb has been heard in reply.
An attorney seeking reinstatement following his or her nondisciplinary resignation must comport with certain procedural requirements, including submission of an application consistent with the form affidavit as provided in appendix F to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b) (see Matter of Boden, 232 AD3d 1194, 1194 [3d Dept 2024]; see also Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [1]). Moreover, an applicant who has been resigned for an actual duration of more than two years must submit proof that he or she has earned certain continuing legal education (hereinafter CLE) credits (see Matter of Rankin, 233 AD3d 1344, 1345 [3d Dept 2024]), specifically six credit hours of Skills and/or Law Practice Management that specifically relate to the practice of law in New York; one credit in Ethics and Professionalism; and one credit in either Diversity, Inclusion and Elimination of Bias or Cybersecurity, Privacy and Data Protection (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [2]; see also Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c], [d], [e], [g], [h]). The applicant must also establish certain substantive requirements in making an application for reinstatement following nondisciplinary resignation, including that he or she possesses both the legal education or experience, as well as the necessary character and fitness as would be required of an applicant for admission in the first instance (see Matter of Tuve, 171 AD3d 1392, 1393 [3d Dept 2019]; Matter of Weiss, 166 AD3d 1159, 1160 [3d Dept 2018]).
Here, Cobb appropriately submitted the required form affidavit (see Rules for Atty Disciplinary Matters [22 NYCRR] appendix F), wherein she reveals that, in December 2024, she completed eight New York CLE credit hours. While AGC acknowledges that Cobb earned the requisite credits in the areas of Diversity, Inclusion & Elimination of Bias and Ethics & Professionalism, among other credits, it opposes her application on the grounds that she failed to earn at least six credits in the areas of Skills and/or Law Practice Management. However, Cobb has submitted proof that she has since earned an additional four credits in the area of Skills and that such credits specifically relate to the practice of law in New York. Accordingly, we conclude that Cobb has satisfied the procedural requirements attendant to reinstatement following nondisciplinary resignation.
In assessing Cobb's legal education and experience, she attests that she has recently relocated to New [*2]York and will continue to work for her legal employer out of its New York City office. Turning to the remainder of her materials, Cobb's submissions do not raise any character and fitness issues, as she attests that, since her resignation in this state, she has not been the subject of professional misconduct complaints or discipline, in this state or in Washington, DC or California, where she is also admitted to practice.[FN1] She likewise denies that she has been the subject of any criminal matters since her nondisciplinary resignation in this state or that she has any impairments which may limit her ability to practice law. Accordingly, we grant Cobb's application for reinstatement following nondisciplinary resignation and restore her to the practice of law, effective immediately.
Garry, P.J., Clark, Pritzker, Lynch and Ceresia, JJ., concur.
ORDERED that Mary Margaret Cobb's application for reinstatement is granted; and it is further
ORDERED that Mary Margaret Cobb's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Mary Margaret Cobb shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.

Footnotes

Footnote 1: We note that certificates of good standing provided by Cobb reveal that she voluntarily listed herself as inactive with the State Bar of California, but remains an active member in good standing in Washington, DC.